IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BYRON DEAN WALLER

    Plaintiff,

v.                                                    Civil Case No: 1:14-CV-00921 LH-KBM

MICHAEL JAMES WALLER and
PAULA WALLER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants Michael James Waller and Paula Waller's Motion for Summary Judgment. (Mot. Summ. J. at 1, ECF No. 19). The Court, having reviewed the motion, briefs, evidence in the record, relevant law, and otherwise being fully advised, concludes that the motion is well taken and shall be granted. The Court enters summary judgment in favor of Defendants on Plaintiff's tortious interference with inheritance expectancy claim. This case is hereby **dismissed with prejudice.**

**I.**     **BACKGROUND**

    *A. Factual Background*

Plaintiff Byron Dean Waller is currently incarcerated in a Florida prison, serving a 20 year felony sentence. Defendant Michael Waller is Plaintiff's brother and Defendant Paula Waller is his sister-in-law. Defendants are New Mexico residents. Plaintiff and Defendant Michael Waller are the surviving sons of James Byron Waller ("Mr. Waller"). Plaintiff alleges in this lawsuit that shortly before Mr. Waller's death, the Defendants used their control and influence over him to convince him to execute a beneficiary deed ("Deed") and a last will and

1

testament ("Will") that transferred all of Mr. Waller's real and personal property to the Defendants. (Compl., ECF No. 1). Plaintiff contends that Mr. Waller named him as a beneficiary in a previous will, and claims that the Defendants thereby tortiously interfered with his inheritance expectancy[1] by pressuring Mr. Waller to revise his will. Defendants moved for summary judgment on this claim. (Mot. Summ. J. at 7).

In his affidavit in support of his motion for summary judgment, Defendant Michael Waller asserts the following undisputed facts. On March 25, 2006 Mr. Waller, a resident of St. Louis, Missouri, suffered a stroke and entered a hospital there. (Michael James Waller Aff., ¶ 22, ECF No. 19-1). In April 2006, Defendant Michael Waller, Mr. Waller, and a lawyer met in the hospital, where Mr. Waller was lucid although he had difficulty speaking. (*Id*.). On April 10, 2006 the lawyer drafted, and Mr. Waller executed, the Will and Deed that transferred all of Mr. Waller's real and personal property to Defendant Michael Waller. (*Id*. ¶¶ 8, 14).

Mr. Waller left the hospital on April 18, 2006 and briefly moved to a St. Louis nursing home, while Defendant Michael Waller returned to Santa Fe, New Mexico. (*Id*. ¶ 23). Shortly thereafter, Mr. Waller's sister telephoned Defendant Michael Waller and told him that Mr. Waller wished to relocate to Santa Fe. (*Id*. ¶ 23). Defendants traveled to Missouri and moved Mr. Waller to a Santa Fe nursing home. (*Id*. ¶ 24). His time was brief however, and on June 15, 2007, approximately one year after his arrival in Santa Fe, Mr. Waller died. (*Id*. ¶ 24). Within

---

[1] Tortious interference with inheritance expectancy is spelled out in the Restatement (Second) of Torts § 774B (1979) ("Second Restatement") :

> One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

Both New Mexico and Missouri follow the Second Restatement approach. *See Peralta v. Peralta*, 2006-NMCA-033, ¶ 8, 139 N.M. 231, 131 P.3d 81 (2005); *Commerce Bank, N.A. v. Blasdel*, 141 S.W.3d 434, 452 (Mo. Ct. App. 2004).

weeks after his death, Defendant Michael Waller told Plaintiff in a telephone conversation that Plaintiff would not receive an estate distribution. (*Id.* ¶ 27). Plaintiff replied to the effect, "I know." (*Id*. ¶ 27).

Plaintiff alleges that in early 2010, approximately three years after Mr. Waller's death, Defendant Michael Waller informed Plaintiff of the existence of the Will and Deed Mr. Waller for the first time. (Compl. ¶ 24, ECF No. 1). In their answer, Defendants neither admit nor deny this 2010 conversation. However, neither party disputes that in January 2011 Defendant Michael Waller mailed Plaintiff copies of the Will and Deed and that Plaintiff received the mailing on January 27, 2011. (Compl. ¶ 35, ECF No. 1; Answer ¶ 25, ECF No. 18).

B.  *Procedural Background*

On November 20, 2012 Plaintiff filed a lawsuit against the Defendants in this district that was identical to the instant lawsuit. He later voluntarily withdrew that lawsuit, stating that he was too sick to proceed and wished to resolve the dispute amicably. On October 14, 2014, Plaintiff filed this lawsuit, again pleading a cause for tortious interference with inheritance expectancy against the Defendants. (Compl. ¶ 5). Plaintiff secured an order to proceed *in forma pauperis* in this litigation without pre-paying costs. (Order, ECF No. 5).

On February 10, 2015, Defendants simultaneously filed an answer and a motion for summary judgment. In their answer, Defendants asserted a number of affirmative defenses, including a statute of limitations defense. (Answer at 6, ECF No. 18). Plaintiff did not timely respond to the Defendant's motion for summary judgment, but instead requested the following relief from the Court: an appointment of counsel for him because of his indigent status (Pl.'s Mot., ECF No. 27); an extension of time to file a response brief to Defendants' motion for

3

complete summary judgment (Pl.'s Mot., ECF No. 26); and, more time for discovery pursuant to Rule 56(d). (Pl.'s Aff., ECF No. 33). By prior order, the Court denied Plaintiff's motion for appointment of counsel, finding that no exceptional circumstances existed to do so, and that Plaintiff could adequately proceed *pro se*. Although the Court liberally considered two untimely documents Plaintiff filed, the Court similarly denied Plaintiff's motion and requests for discovery and deferral of a Court ruling on Defendants' motion for summary judgment, finding that such relief unwarranted under Rule 56(d).

Defendants moved this Court to enter complete summary judgment in their favor. (Mot. Summ. J., ECF No. 19). They argue that because Plaintiff was incarcerated in Florida when Mr. Waller executed the Will and Deed in Missouri, Plaintiff cannot present admissible testimonial evidence to defeat Defendants' motion for summary judgment. (*Id*. at 8). Because Plaintiff cannot present admissible evidence, Defendants argue, Plaintiff cannot create a genuine issue about Mr. Waller's estate disposition or Defendants' control over him. (*Id*.). Finally, Defendants contend that judgment should be granted because there is no disputed issue of material fact that the statute of limitations time-bars the Plaintiff's action. (*Id*. at 10). They argue that Missouri's statute of limitations applies to this case and that it commenced in 2007, when Mr. Waller died.

Plaintiff responds that there is a genuine dispute that Mr. Waller's illness made him susceptible to undue influence by Defendants. (Pl.'s Resp., ECF No. 33 ¶ 11).

II.   LEGAL STANDARD

A. *Standard for evaluating a motion for summary judgment under Fed. R. Civ. P. 56*

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co*., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting FED. R. CIV. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id*. (internal quotations omitted). Under Rule 56(c), the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id*. at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab*., 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id*. The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson,* 477 U.S. at 248.

If a statute of limitations defense "depends on disputed facts, then summary judgment is inappropriate." *Wolf v. Preferred Risk Life Ins. Co.*, 728 F.2d 1304, 1306 (10th Cir. 1984). But "where a defending party pleads a statute of limitations and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, … then the motion for summary judgment should be granted." *Id*.

## III. STATUTE OF LIMITATIONS ANALYSIS

Because the Defendants raised the statute of limitations as an affirmative defense, and because it is dispositive, the Court will focus on that issue.

The laws of Missouri and New Mexico are both potentially implicated in this case, necessitating a determination by the Court as to which state's law applies to the substantive issues as well as to the time limitations. Because neither party was especially helpful in briefing which state's law applies to this case, the Court has undertaken its own analysis as follows.

### A. *Standard for evaluating the choice-of-law analysis and the applicable statute of limitations*

This is a diversity action.  In such an action, the Court applies the substantive law of the forum state (*i.e.,* New Mexico), including its choice of law rules. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). The district court must, therefore, look to the forum state's choice of law rules to determine which state's law applies—both to the substance of the dispute and the limitations period in which the suit can be brought. *Id*. New Mexico courts hold that "the law of the forum governs matters of procedure.'" *Estate of Gilmore*, 1997-NMCA-103, ¶ 10, 124 N.M. 119, 946 P.2d 1130 (citation and quotation omitted). New Mexico courts have consistently held that statutes of limitations are deemed procedural for choice of law purposes. *Nez v. Forney*, 1989-NMSC-074, ¶ 4, 109 N.M. 161, 783 P.2d 471 (applying New Mexico's statute of limitations to a breach of contract although Texas law governed the substantive issues). Thus, this Court will apply New Mexico's statute of

limitations.[2] *See* 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 124.31[5] (3d ed. 2014).

1. <u>New Mexico law supplies a three-year statute of limitations for personal injuries to Plaintiff's claim.</u>

New Mexico, like Missouri, recognizes a common law tort for interference with inheritance expectancy. In *Peralta v. Peralta*, the Court of Appeals of New Mexico applied New Mexico's three-year statute of limitations for actions for personal injuries to the tort. 2006-NMCA-033, 139 N.M. 231, 131 P.3d 81; *See* N.M. Stat. Ann. § 37-1-8 (1978) ("[F]or an injury to the person or reputation of any person, within three years."). Because this lawsuit is both legally and factually analogous to *Peralta*, this Court will also apply a three-year statute of limitations to the Plaintiff's claim.

To determine when this statute of limitations begins, New Mexico applies the "discovery rule," which means that it "begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action." *Gerke v. Romero*, 2010-NMCA-060, ¶ 10, 148 N.M. 367, 237 P.3d 111 (citation omitted). The discovery rule does not simply toll the statute of limitations during the period the claimant is unaware of the extent of his injury. *See Martinez-Sandoval v. Kirsch*,

---

[2] There are two exceptions to applying New Mexico's statute of limitations to a claim that arises elsewhere. The first exception is if the forum state has a "borrowing statute." *See* Restatement of Conflict of Laws § 603-604 (1934). A borrowing statute compels the forum-state to apply—or "borrow"—a foreign state's limitations period and make it its own. *See id*. New Mexico has no borrowing statute. The second exception to applying New Mexico's limitation period is if the claim is one that is statutorily created and has a "built-in" limitations period. In *Lujan v. Regents of University of California* the Tenth Circuit held that New Mexico's wrongful death statute of limitations must be treated as "substantive" because "[t]he time within which the suit must be brought" conditions the right to sue at all. 69 F.3d 1511, 1517 (citation omitted).

Because New Mexico has no borrowing statute, the sole exception to consider in applying New Mexico's statute of limitations is whether Plaintiff's claim is statutorily created. The Court has analyzed Missouri's law on tortious interference with inheritance expectancy and found that it is a creature of common law, not of Missouri statute. *See Hammons v. Eisert*, 745 S.W.2d 253 (Mo. Ct. App. 1988) (first case to recognize the tort). As such, this Court finds no support for application of Missouri's statute of limitations to the Plaintiff's claim.

7

1994-NMCA-115, ¶ 26, 118 N.M. 616, 884 P.2d 505. Rather, the claimant's awareness that he has an actionable injury is the triggering event that starts the clock. *Id*.

Here, Defendants argue that Missouri's statute of limitations applies to the Plaintiff's claim, and that it commenced in 2007 when the parties' father died. (Mot. Summ. J. at 10, ECF No. 19). Defendants believe Missouri's statute of limitations applies because the purported undue influence over Mr. Waller occurred there. (*Id*. at 7). They further contend that Plaintiff, upon not receiving an estate distribution upon Mr. Waller's death in 2007, should have known he was not a beneficiary, and so had sufficient facts to bring a claim. (*Id*. at 10). Plaintiff responds that Defendants concealed Mr. Waller's Will and Deed from him, and that he was unaware that Mr. Waller's previous will had been supplanted. (Pl.'s Resp. at 5, 12, ECF No. 27). In early 2010, Plaintiff states that Defendant Michael Waller revealed the existence of Mr. Waller's Will and Deed to him for the first time. (*Id*. at 14.) Neither party disputes that on January 27, 2011 Plaintiff received mailed copies of the documents from his brother. (Pl.'s Aff. at 4, ECF No. 33; Answer ¶ 25, ECF No. 18).

From these facts, as of January 27, 2011, by his own admission, Plaintiff possessed sufficient facts to bring a claim.[3] Where a party raises a statute of limitations defense, the general rule is that summary judgment is inappropriate if the limitations period depends on disputed facts. *Wolf v. Preferred Risk Life Ins. Co.*, 728 F.2d at 1306. Here, there are no disputed facts as

---

[3] Out of an abundance of caution, the Court has undertaken an equitable tolling analysis to determine whether Plaintiff's previous filing and voluntary withdrawal of his identical lawsuit against the Defendants equitably tolled the statute of limitations on this lawsuit. The Court finds that, as here, when a plaintiff files a case, and then voluntarily fails to prosecute it, the statute is not equitably tolled. *See Gathman-Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 13, 109 N.M. 492, 494, 787 P.2d 411, 413 (1990).

to when Plaintiff learned that he had an actionable claim. Plaintiff filed the immediate lawsuit more than three years later, on October 14, 2014, and accordingly his claims are barred by N.M. Stat. Ann. § 37-1-8. The Court therefore grants summary judgment in favor of Defendants on Plaintiff's tortious interference with inheritance expectancy claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Complete Summary Judgment (ECF No. 19) is **GRANTED** and that this matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**